**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3711-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CAMILO L. LOPEZ, a/k/a
CAMILO LOPEZ ALVAREZ

     Defendant-Appellant.

_____

> Submitted May 13, 2020 – Decided July 2, 2021
>
> Before Judges Fuentes and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 06-08-1395.
>
> Camilo Lopez, appellant pro se.
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Camilo Lopez appeals from the order of the Criminal Part that denied his second post-conviction relief (PCR) petition. We affirm.

Defendant was tried before a jury and convicted of murder, N.J.S.A. 2C:11-3(a)(1), and first degree felony murder, N.J.S.A. 2C:11-3(a)(3). On September 13, 2007, the trial court merged these two offenses and sentenced defendant to a term of fifty years, with thirty years of parole ineligibility. This court affirmed defendant's conviction and sentence, State v. Lopez, A-000488-07 (App. Div. August 19, 2010), certif. denied, 205 N.J. 81 (2011). We incorporate by reference the facts described by our colleagues in this unpublished opinion. Id., slip op. at 2-5.

Defendant filed his first PCR petition thereafter, alleging ineffective assistance of trial counsel. The court assigned counsel to represent him in the prosecution of the petition and heard oral argument on August 30, 2012. In an order entered on September 11, 2012, the PCR judge granted defendant's request for an evidentiary hearing "to take testimony as to whether the bullet recovered could have been fired from a revolver and to determine whether Willie Cortez's potential trial testimony as to his involvement, or lack thereof, in the planning and committing of the July 30, 1988 robbery and homicide would have added

2

anything to the defense . . . ." The PCR judge denied the remaining claims raised by defendant.

At the ensuing evidentiary hearing, the PCR judge considered the testimonial evidence and the arguments of counsel and entered an order on May 21, 2013, rejecting defendant's application for relief based on the "bullet, [the] testimony of Willie Cortez," and the claims of ineffective assistance of trial counsel "at the previously conducted Wade[1] hearing." This court affirmed the PCR judge's decision. State v. Lopez, A-5281-12 (App. Div. March 10, 2015), certif. denied, 223 N.J. 163 (2015).

Defendant filed this second PCR petition in November 2018, once again alleging ineffective assistance of counsel. In an order dated February 21, 2019, the Criminal Part judge assigned to this case denied this second PCR petition.

On appeal, defendant raises the following arguments in his pro se brief:

> POINT I
>
> APPELLANT'S SECOND [PCR] SHOULD HAVE BEEN GRANTED AS GOOD CAUSE WAS SHOW [SIC]. (Not Raised Below).

---

[1] United States v. Wade, 388 U.S. 218 (1967).

POINT II

TRIAL COUNSEL'S FAILURE TO COMMUNICATE CRUCIAL FACTS OF THE CASE WITH DEFENDANT AND THE JURY CAUSED [DEFENDANT] SUBSTANTIAL PREJUDICED AND INJURIOUS EFFECTS ON THE JURY'S VERDICT AND THE OUTCOME OF THE TRIAL. (Not Raised Below).

A.) COUNSEL FAILED TO INVESTIGATE READY [SIC] AVAILABLE FACTS OF THE CASE TO PREPARE AN "ACTUAL INNOCENCE" DEFENSE CLAIM ON BEHALF OF THE DEFENDANT DEPRIVED HIM OF A FAIR TRIAL. (Not Raised Below).

B.) FAILURE TO SUBJECT THE STATE'S CASE TO A MEANINGFUL ADVERSARY CHALLENGE TEST TO VALIDATE THE WORTHINESS OF MR. HERNANDEZ'S FALSE TESTIMONY DURING THE TRIAL FALLS FAR BELOW WHAT A REASONABLE, COMPETENT AND HONEST ATTORNEY WOULD HAVE DONE UNDER THE SAME CIRCUMSTANCES. (Not Raised Below).

C.) COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS MR. HERNANDEZ'S PERJURED TESTIMONY IN FRONT OF THE JURY, WHICH BY DESIGN WAS TO DELIBERATELY DECEIT [SIC] THE JURORS AND ALLOWED TO GO ON

4

UNMOLESTED, UNCORRECTED, AND UNCHALLENGED CONSTITUTED A VIOLATION OF THE DUE PROCESS CLAUSE AND THE RIGHT TO HAVE A FAIR TRIAL.  (Not Raised Below).

D.)  A VIOLATION OF THE [U.S. CONST., AMENDS V, VI AND IV] AMENDMENTS GUARANTEED RIGHTS TO PROVIDED BY THE [N.J. CONST., ART. 1, ¶¶ 1 AND 10], PURSUANT TO N.J.S.A. 10:6-2e. (Not Raised Below).

E.)  COUNSEL'S FAILURE TO FILE A MOTION FOR ACQUITTAL AFTER THE STATE[']S CASE HAD CLOSED UNDER R. 3:18-2, REQUIRES THE CONVICTION TO BE VACATED. (Not Raised Below).

We affirm the order of the Criminal Part because defendant has not provided any basis to satisfy the standard for filing a second PCR petition as codified in Rule 3:22-12(a)(2).  Although the Criminal Part judge based her ruling on different legal grounds, it is a long-settled principle of appellate jurisprudence that "an appeal is taken from a trial court's ruling rather than reasons for the ruling."  State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3711-18